# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-1231

———————————————

United States of America

*Plaintiff - Appellee*

v.

Eric Neville

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Nebraska - Omaha

——————————

Submitted: February 13, 2023
Filed: May 18, 2023
[Unpublished]

——————————

Before SMITH, Chief Judge, STRAS and KOBES, Circuit Judges.

——————————

PER CURIAM.

Eric Neville pleaded guilty to four drug and gun-related charges, 21 U.S.C. §§ 841(a)(1), (b)(1), 846; 18 U.S.C. §§ 922(g)(1), 924(a)(2), (c)(1)(A). His Guidelines range was 181 to 211 months in prison, and the district court[1] sentenced

---

[1] The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

him to 211 months.  Neville appeals the substantive reasonableness of his sentence, and we affirm.

We review the reasonableness of a sentence for an abuse of discretion and may presume that a within-Guidelines sentence is reasonable.  See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

When sentencing defendants, district courts should consider all of the 18 U.S.C. § 3553(a) factors.  Id.  Neville argues that the district court relied on only one factor—the "seriousness of the offense."  But the record says otherwise.  See Sentencing Tr. 33 ("In crafting this sentence, I have considered all factors outlined under 18 U.S.C. Section 3553(a), including general deterrence, specific deterrence, protection of the public, the need to avoid unwarranted sentencing disparities, and the specific history and characteristics of the defendant.").

Neville's other arguments are a challenge to the court's "wide latitude" to weigh the sentencing factors.  United States v. Isler, 983 F.3d 335, 344 (8th Cir. 2020).  He argues that the district court gave too much weight to the seriousness of his crime because the gun involved was inoperable.  He also argues that the court should have given more weight to his drug addiction and his time at an allegedly dangerous prison.  Although "the district court may give some factors less weight than a defendant prefers or more weight to the other factors, . . . that alone does not justify reversal."  Id. (cleaned up).  Here, Neville has not overcome the presumption that his sentence was reasonable.

For the reasons stated above, we affirm Neville's sentence.

_____